No. 16-10865-HH

In the
United States Court of Appeals
for the Eleventh Circuit

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOSE RODRIGUEZ GONZALEZ,
*Defendant-Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
NO. 8:15-CR-276-T-36TGW

**UNITED STATES' MOTION TO DISMISS APPEAL
BASED ON WAIVER IN PLEA AGREEMENT**

A. LEE BENTLEY, III
United States Attorney

PETER J. SHOLL
Assistant United States Attorney
Appellate Division

GERMAINE M. SEIDER
Assistant United States Attorney
Appellate Division
Florida Bar No. 85968
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000

September 15, 2016

*United States v. Jose Rodriguez Gonzalez*
No. 16-10865-HH

# Certificate of Interested Persons
# and Corporate Disclosure Statement

The following persons have an interest in the outcome of this case:

1. Bentley, A. Lee, III, United States Attorney;

2. Gonzalez, Jose Rodriguez, defendant-appellant;

3. Honeywell, Hon. Charlene E., United States District Judge;

4. Lopardo, Che, Esq.;

5. Preston, James C., Jr., Assistant United States Attorney;

6. Rhodes, David P., Assistant United States Attorney, Chief, Appellate Division;

7. Seider, Germaine M., Assistant United States Attorney;

8. Sholl, Peter J., Assistant United States Attorney; and

9. Wilson, Hon. Thomas G., United States Magistrate Judge.

No publicly traded company or corporation has an interest in the outcome of this appeal.

# In the United States Court of Appeals
# for the Eleventh Circuit

---

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

v.                                              No. 16-10865-HH

JOSE RODRIGUEZ GONZALEZ,
    *Defendant-Appellant*

---

## United States' Motion to Dismiss Appeal
## Based on Waiver in Plea Agreement

The United States moves to dismiss this appeal because Jose Gonzalez knowingly and voluntarily waived his right to appeal his sentence on the ground he asserts in this appeal.

## Course of Proceedings

Gonzalez and others were indicted for having conspired to possess five kilograms or more of cocaine with the intent to distribute it, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One), and having aided and abetted the possession of five kilograms or more of cocaine with the intent to distribute it, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2 (Count Two). Doc. 1.

Gonzalez entered into a plea agreement with the United States, in which he agreed to plead guilty to Count One, and the United States agreed: to dismiss Count Two; to recommend a sentence within the applicable sentencing-guidelines range as determined by the district court; to not oppose his request for a sentence at the low end of the applicable sentencing-guidelines range as determined by the district court; to recommend a two-level reduction for his acceptance of responsibility, *see* USSG §3E1.1(a); if applicable, to move for an additional one-level reduction for his timely acceptance of responsibility, *see* USSG §3E1.1(b); to consider whether his presentencing assistance to the United States qualifies as substantial assistance meriting a sentence below the applicable guidelines range, *see* USSG §5K1.1, below the statutory-minimum sentence, *see* 18 U.S.C. § 3553(e), or both; and to consider whether his post-sentencing assistance merits a motion to reduce his sentence within one year of the imposition of his sentence, *see* Fed. R. Crim. P. 35(b). Doc. 50 at 2–5.[1]

As part of the plea agreement, Gonzalez waived his right to appeal his sentence on most grounds:

> The defendant … expressly waives the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range *as*

---

[1] The plea agreement is Attachment A.

*determined by the Court* pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Doc. 50 at 15 (emphasis in original).

At the change-of-plea hearing, the magistrate judge reviewed the sentence-appeal waiver with Gonzalez and established that he understood the waiver:

> THE COURT: I also want to emphasize paragraph seven. First, I'll tell you that even though you're pleading guilty, you have a right to appeal your sentence. But under paragraph seven, you limit the extent to which you can appeal your sentence.
>
> Under paragraph seven, you can only appeal if the sentence exceeds the guideline range as determined by the Court under the guidelines, or if the sentence exceeds the statutory maximum penalty, or if the sentence violates the Eighth Amendment to the Constitution that prohibits excessive fines and cruel and unusual punishment. Those are the only three things about your sentence that you can appeal.
>
> You understand that?
>
> [GONZALEZ]: Yes, sir.
>
> THE COURT: And in particular, what you cannot appeal is the way the Court calculates the sentencing guidelines.
>
> Do you understand that?
>
> [GONZALEZ]: Yes, sir.

>    THE COURT: Do you have any question concerning that provision?
>
>    [GONZALEZ]: No, sir.
>
>    THE COURT: And are you agreeing to it freely and voluntarily as part of this plea agreement?
>
>    [GONZALEZ]: Yes, Your Honor.

Doc. 117 at 22–23.[2]

The district court accepted Gonzalez's guilty plea, Doc. 70, and sentenced him to serve a statutory-minimum term of 120 months' imprisonment, Doc. 102 at 2; Doc. 127 at 12. He now appeals that sentence.

## Argument

A defendant may waive his statutory right to appeal. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). This Court will enforce the waiver if "either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* at 1351.

Moreover, "[m]otions to dismiss based upon sentence appeal waivers should be decided at the earliest stage in the process at which it is feasible to do so, and except in extraordinary circumstances should not be carried with the

---

[2]The change-of-plea hearing transcript is Attachment B.

case until after briefing." *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). Carrying a motion to dismiss with the case "deprives the government of the benefit that it has bargained for and obtained in the plea agreement containing the … waiver." *Id.* "Accordingly, where it is clear from the plea agreement and the [Fed. R. Crim. P.] 11 colloquy, or from some other part of the record, that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced without requiring the government to brief the merits of the appeal." *Id.*

In this case, it is clear from the plea agreement, Doc. 50 at 15, and the Rule 11 colloquy, Doc. 117 at 22–23, that Gonzalez knowingly and voluntarily waived his right to appeal his sentence. Despite the waiver, he challenges his sentence only on the ground that it is unreasonable. Gonzalez's brief at 1, 6–11. That ground however, does not fall within any exception to the waiver. *See* Doc. 50 at 15. That is, Gonzalez does not argue that his sentence exceeds the guidelines range as determined by the Court, that his sentence exceeds the statutory maximum penalty, or that his sentence violates the Eighth Amendment to the Constitution. *See* Gonzalez's brief at 1, 6–11. This Court therefore should dismiss his appeal without requiring the United States to brief the merits. *See Buchanan*, 131 F.3d at 1008.

## Conclusion

For these reasons, this Court should dismiss this appeal.

                          Respectfully submitted,

                          A. LEE BENTLEY, III
                          United States Attorney

                          PETER J. SHOLL
                          Assistant United States Attorney
                          Appellate Division

            By:    *s/ Germaine M. Seider*
                          GERMAINE M. SEIDER
                          Assistant United States Attorney
                          Appellate Division
                          Florida Bar No. 85968
                          400 N. Tampa St., Ste. 3200
                          Tampa, FL 33602
                          (813) 274-6000
                          germaine.seider@usdoj.gov

## Certificate of Service

I certify that a copy of this motion and the notice of electronic filing was sent by CM/ECF on September 15, 2016, to:

CHE LOPARDO, ESQ.
*Counsel for Jose Rodriguez Gonzalez*

*s/ Germaine M. Seider*
GERMAINE M. SEIDER
Assistant United States Attorney
